AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | | |
|---|---|---|
| United States of America<br>v.<br>WILLIAM JAMES BEAN<br><br>*Defendant(s)* | ) ) ) ) ) ) | Case No. 3:21MJ361 |

FILED
RICHARD W. NAGEL
CLERK OF COURT
9/30/21
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 29, 2021__ in the county of __Montgomery__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC s. 922(g)(1)&924(a)(2) | felon in possession of a firearm |

This criminal complaint is based on these facts:
See Attached Affidavit of Dustin Phillips

☑ Continued on the attached sheet.

*Dustin Phillips*
Complainant's signature

Dustin Phillips, TFO of the FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 9/30/21

City and state: Dayton, Ohio

Sharon L. Ovington., US Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Dustin J. Phillips, a Task Force Officer ("TFO") for both the Federal Bureau of Investigation ("FBI") and City of Dayton Police Department ("DPD"), being duly sworn, depose as follows:

## INTRODUCTION

1. I have been employed as a law enforcement officer for the past fourteen (14) years. I currently serve as a detective with the DPD. I am presently a TFO with the FBI Dayton Resident Office's Safe Streets Task Force (SSTF). As such, I have been sworn under Title 21, United States Code ("U.S.C."), Section 878, to serve as an officer of the United States duly empowered to conduct federal criminal investigations and execute arrests for criminal violations of Titles 18 and 21 of the U.S.C.

2. I am also a TFO with the DPD's Major Case/Drug Enforcement Unit within the Narcotics Bureau. Since 2013, in my roles with SSTF and DPD, I have almost exclusively concentrated on the investigation of: narcotics-, firearms-, and gang-related criminal cases. During my law enforcement career, I have been involved in a large number of firearm-related arrests, executions of search warrants resulting in the seizure of large quantities of narcotics and firearms, participated in undercover narcotics purchases, and supervised the activities of police informants who have provided law enforcement authorities valuable and accurate information and assistance that ultimately resulted in undercover narcotics purchases and apprehensions. During the course of my law enforcement career, I have received an extensive amount of formal and informal training in the investigation of drug trafficking and narcotics-related crimes.

3. This affidavit is submitted in support of a criminal complaint, which seeks the issuance of a federal arrest warrant against **WILLIAM JAMES BEAN** (hereinafter referred to **"BEAN"**) for Being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

4. The facts contained in this affidavit are submitted for the express purpose of establishing probable cause to obtain an arrest warrant for **BEAN.** This affidavit does not include every fact known to law enforcement authorities relevant to subject investigation.

5. The facts in this affidavit come from my review of records and evidence, my training and experience, and information I have received from other law enforcement officers. I have not distinguished between information of which I have direct and indirect knowledge.

## FACTS

6. On or about September 29, 2021, Dayton Police Department Detectives Lucas A. Rose and Geoffrey T. Orndorff were working as a two man unit, in an undercover capacity. They were operating an unmarked vehicle and wearing plain clothes. They were working in and around the North Main Street area which is known for its high rate of both violent and drug related crimes.

7. As detectives Rose and Orndorff travelled on Eastview Avenue, they observed a male, later identified as **BEAN**, standing in the roadway, speaking with a group of people. Both detectives Rose and Orndorff observed the grip of a firearm sticking out of **BEAN'S** right front shorts pocket as they drove past him at a very close distance. Both detectives saw that this gun had a distinctive after market grip on the handle.

8. Detectives Rose and Orndorff began surveillance on **BEAN** while they relayed this information to additional marked and unmarked officers and detectives who responded to assist. During this time, **BEAN** was seen getting into a vehicle for a short time, then exiting it. He was still in possession of the firearm when he exited the car. Detectives Mark D. Orick and Joshua C. Bowling were operating a marked Dayton Police Department cruiser and responded to Eastview Avenue. As they turned onto the street, **BEAN** and another unidentified male immediately fled on foot at the sight of the police cruiser. **BEAN** ran along the side of 2010 Eastview Avenue and through the back yard. Several detectives ran after him and he was caught after a short foot pursuit. When he was apprehended, **BEAN** was no longer in possession of the firearm. While running after **BEAN**, Detective Rose located a Glock model 17, 9mm pistol with serial number ZCK841, which was loaded with 15 rounds in the magazine and 1 round in the chamber for a total of 16 rounds. This gun was in the direct path that **BEAN** travelled as he was fleeing from detectives. Detective Rose recognized this as the same gun he previously saw **BEAN** in possession of as it had the same distinct aftermarket grip on the handle. The gun was photographed and collected as evidence.

9. Detective Orndorff attempted to interview **BEAN** once he was in custody. **BEAN** was advised of his Miranda warnings and he agreed to answer questions without a lawyer present. **BEAN** advised he fled at the sight of the cruiser due to this area being a high crime and drug area. **BEAN** denied having any narcotics or firearms on him when he fled. **BEAN** claimed the object Detectives Rose and Orndorff initially saw was his cell phone. **BEAN'S** cell phone was recovered from his left pocket during his arrest and was blue in color. Detectives Rose and Orndorff inspected the cell phone and immediately eliminated it as being the firearm they previously saw **BEAN** in possession of. This concluded the interview on **BEAN.**

10. I have reviewed conviction documents from the Montgomery County, Ohio, Clerk of Courts and the Wayne County, Indiana, Clerk of courts indicating that **BEAN** has been previously convicted of the following felony offenses, each of which was punishable by a term of imprisonment exceeding one year, namely:

    a. On or about February 12, 2012, in the Wayne County, Indiana, Wayne Superior Court 1, case number 89D01-1107-FB-00065, of "Robbery (Attempt to Commit)", and

    b. On or about December 19, 2017, in the Montgomery County, Ohio Court of Common Pleas, case number 2017 CR 03038, of "Felonious Assault (deadly weapon)".

11. Special Agent ("SA") Christopher Reed of the bureau of Alcohol, Tobacco, Firearms, and Explosives, who specializes in identifying firearms and their origin/place of manufacture, had

advised that Glock firearms are not manufactured in Ohio, and as such, the Glock firearm that **BEAN** possessed, moved in interstate commerce.

12. Based on the above information provided herein, your Affiant believes that probable cause exists to conclude that on September 29, 2021, **BEAN**, while in the Southern District of Ohio: was a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

*Dustin Phillips*
Dustin J. Phillips, Task Force Officer
FBI-SSTF Task Force

Subscribed and sworn to before me this 30th day of September 2021.

Sharon L. Ovington
United States Magistrate Judge